# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action Number 1:20-cv-03190

Kenneth J. Thomas,
    Plaintiff,

v.

Intellicorp Records, Inc,
    Defendant.

---
## COMPLAINT
---

1. Plaintiff Kenneth J. Thomas is an individual consumer who resides in Colorado Springs, CO.

2. Defendant Intellicorp Records, Inc is a Delaware corporation located at 3000 Auburn Dr #410, Beachwood, OH 44122.

3. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. § 1331, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2).

4. In May 2018, Plaintiff applied for a job with Youth Advocate Programs ("YAP").

5. On May 28, 2018, in connection with his job application, YAP purchased a "consumer report" as defined in 15 U.S.C. § 1681a on Plaintiff from Defendant.

6. Defendant markets itself to employers with slogans such as "Advance your hiring practices – get the complete picture of your candidates" and "By delivering a 360-degree view of your candidate, you can be sure you'll get the full representation of who you're hiring."  Defendant also puts testimonials on its website with statements such as "You'd be surprised by the number of people who don't admit to having a record, but we are confident that IntelliCorp can find them."

7. The consumer report that Defendant sold to YAP in May 2018 falsely stated that Plaintiff was convicted of multiple crimes, including that Plaintiff had failed to register as a sex offender and was convicted of possessing a controlled substance. In reality, those crimes related to a different person, who on information and belief, resides in Indiana, and who has a different social security number and different middle name from Plaintiff.

8. Plaintiff requested a copy of the consumer report that Defendant had sold YAP. Incredibly, Defendant generated a copy of a consumer report which did <u>not</u> have any criminal convictions on it, and emailed Plaintiff a copy of that report on May 29, 2018. Defendant intentionally misled Plaintiff into believing that the copy of the report he received was the same report that Defendant had sold to YAP. Thus, Plaintiff did not know at the time that Defendant sold YAP a consumer report which stated that Plaintiff was convicted for failing to register as a sex offender and possessing a controlled substance. Defendant attempted to cover this up by giving Plaintiff a copy which omitted the criminal convictions.

9. On information and belief, Defendant maintains multiple files on Plaintiff – for example, Version A, Version B, and Version C, etc. Some of the versions of Plaintiff's file with Defendant list crimes committed by another person, and some versions do not. Defendant apparently sold the version to YAP which contained the criminal convictions related to the other person, and then when it came time to give Plaintiff a copy of his file, Defendant gave Plaintiff a clean copy that listed no criminal records.

10. In July 2020, Defendant finally admitted to Plaintiff in a letter that it had indeed sold a consumer report on Plaintiff to YAP which included the false information that Plaintiff had failed to register as a sex offender and was convicted of possessing a controlled substance. Importantly, this was the first date that Plaintiff discovered Defendant's FCRA violation,

since Defendant had previously provided Plaintiff only with a clean copy of his file with no criminal records listed in an attempt to cover up the fact that it had sold a different version of the file with criminal convictions to YAP.

## COUNT I, FAIR CREDIT REPORTING ACT (FCRA)

11. Plaintiff re-alleges and incorporates the above allegations as if fully set out herein.

12. Defendant negligently and willfully violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to ensure maximum possible accuracy of information in Plaintiff's consumer reports.  Defendant violated this provision by including the crimes of "Kenneth **Leeroy** Thomas" on Plaintiff's consumer reports, when Plaintiff's middle name is "Johann." Moreover, on information and belief, YAP provided Defendant with Plaintiff's full social security number, and it was reckless for Defendant not to consider that the two people had completely different social security numbers.  Defendant has adopted policies that allow for inaccurate information about different people to be included on one report, even though the two people have obvious discrepancies, resulting in what is known in the industry as a "mixed file."

13. Mixed files are a common problem in Defendant's industry because of the competing goals of the industry to provide "maximum possible information" contrasted with the FCRA's goals of ensuring "maximum possible accuracy." *See e.g. 15 U.S.C. § 1681e(b).*  Further, one of Defendant's competitors was recently slammed by a Florida jury for its loose matching criteria when assembling employment consumer reports.  *See e.g. Williams v. First Advantage Screening Solutions*, Case No. 1:13cv222-MW/GRJ, U.S. District Court, Northern District of Florida, Doc. #217 (denial of motion for new trial after jury awarded $250,000 in actual damages and $3.3 million in punitive damages for selling false consumer

report stating consumer had been convicted of selling cocaine, when in reality, the criminal conviction related to a different person). On information and belief, Defendant took notice of the *Williams* case, as did the entire industry, but Defendant continued using the same reckless procedures it currently has in place. Instead of making changes, on information and belief, Defendant assumed these scenarios would simply be a cost of doing business and took comfort in the fact that the 11th circuit reduced the punitive damages from $3.3 million to $1 million.  The CDAI (the lobbyist group for the industry) described the case as a "closely watched case by the industry" along with another case in New York brought by the CFPB against Defendant's comrade Sterling Infosystems, Inc., which highlights similar loose matching criteria as Defendant employed in this case for assembling consumer reports. https://www.cdiaonline.org/10220-2/

14. Defendant negligently and willfully violated 15 U.S.C. § 1681g(a)(1) by failing to provide Plaintiff with a true and correct copy of his credit file upon request in May 2018, and instead providing Plaintiff with an incorrect version of the file which Defendant either knew or should have known was not the version sold to YAP.

15. Defendant negligently and willfully violated 15 U.S.C. § 1681g(a)(2) in July 2020 by failing to tell Plaintiff the sources of the information on his file.  Defendant failed to identify the true source of the criminal convictions falsely reported on Plaintiff's credit file and implied that the source may have been the Indiana Department of Corrections. On information and belief, the source was not the Indiana Department of Corrections, but was instead a vendor who essentially gathers data from public record sources and then sells the data to Defendant.

16. Defendant's violations of the FCRA caused Plaintiff actual damages to be determined at trial, including emotional distress, embarrassment, humiliation, and inconvenience.

WHEREFORE, Plaintiff prays for the following relief:

a. Actual damages to be determined at trial;
b. Punitive damages to be determined at trial;
c. Attorney Fees and costs if Plaintiff is the prevailing party at trial;
d. For such other relief as may be proper.

s/ Matthew R. Osborne
11178 Huron St., Ste 7
Northglenn, CO 80234
(303) 759-7018
matt@mrosbornelawpc.com
*Attorney for Plaintiff*